UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

ANTHONY J. MARCIANO, III,

               Plaintiff,

     - against -

MORGAN STANLEY
DISCOVER FINANCIAL SERVICES,

              Defendant.

------------------------------------- x

**SCHEDULING ORDER**

07 Civ. 6655 (SAS)

**CONFERENCE DATE:**
**MARCH 31, 2008 AT 3:00 P.M.**

[Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 3/31/08]

       **WHEREAS**, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on March 3, 2008 (the "Order); and

       **WHEREAS**, the Order requires that the parties jointly prepare and sign a proposed Scheduling Order containing certain information;

       **NOW, THEREFORE**, the parties hereby submit the following information as required by the Order:

(1)    **Date of the conference and the appearances for the parties:**

      (i)    **Date:** March 31, 2008 at 3:00 p.m.

      (ii)   **Appearances:** Anthony J. Marciano, III, Plaintiff Pro se.

                          Kenneth W. DiGia
                          Kevin R. Brady (SDNY admission pending)
                          Epstein Becker & Green, P.C.
                          counsel for Defendant Morgan Stanley Credit
                          Corporation ("Defendant") improperly named as
                          Morgan Stanley Discover Financial Services

(2)    **Concise statement of the issues as they then appear**:

      (i)    **Statement of the issues for Plaintiff**:

           (a)    Establish Morgan Stanley Credit Corporation, it's current parent company (Morgan Stanley) and it's former parent company (Discover Financial Services) as co-defendants.

           (b)    Morgan Stanley Credit Corporation offered a position to the Plaintiff

NY:2504931v2

    **(c)**    Plaintiff was disabled under the law at the time Morgan Stanley Credit Corporation offered him a job on January 18, 2007.

    **(d)**    Defendant reneged on said employment offer because of such disability.

    **(e)**    A previous filing for an accommodation under the Americans With Disabilities Act of 1990 was the reason the offer was withdrawn.

    **(f)**    Plaintiff suffered monetary and emotional damages as a result of the Defendant's actions.

**(ii)** **Statement of the issues for Defendant**:

    **(a)**    Has Plaintiff named the correct defendant.

    **(b)**    Whether Plaintiff was disabled under the law at the time Morgan Stanley Credit Corporation denied him employment allegedly because of such disability.

    **(c)**    Whether Plaintiff can establish that he was denied employment with Morgan Stanley Credit Corporation because of his alleged disability.

    **(d)**    Whether Plaintiff can establish that he was denied employment with Morgan Stanley Credit Corporation in retaliation for having previously requested an accommodation for his alleged disability.

    **(e)**    If Plaintiff can establish (c) and/or (d), which Defendant asserts he can not, what damages, if any, has he suffered.

The listing of issues by both parties does not signify the other's agreement or assent to the characterization of such issues, or waive the parties' right to challenge or supplement the issues set forth in accordance with applicable rules.

**(3)** **Schedule**:

    **(a)** **Persons to be deposed and schedule of planned depositions:**

        (i) At this time, Defendant intends to depose Plaintiff, relevant health care professionals that treated Plaintiff; and relevant individuals pertaining to Plaintiff's claims and alleged damages.

        (ii) Defendant will depose Plaintiff first and will do so by June 25, 2008.

        (iii) At this time, Plaintiff intends to depose the following and will do so by September 15, 2008.

      a) Frederick R. Menapace
      b) Thomas O' Connor
      c) David Bianucci
      d) CEO Morgan Stanley Credit Corporation

The listing of potential deponents by both parties does not signify the other's agreement that such depositions are proper, or waive either parties' ability to challenge the propriety of any proposed depositions in accordance with applicable rules.

**(b)** **Production of documents and other discovery:**

(i) The parties shall exchange disclosures pursuant to Fed. R. Civ. P. 26(a) (1) on April 14, 2008.

(ii) The parties shall serve no more than twenty-five interrogatories (including subparts) by April 30, 2008.

(iii) The parties shall serve document requests by April 30, 2008.

(iv) The parties shall respond to discovery served by the other in accordance with applicable rules.

(v) The parties shall conduct and complete all other discovery as permissible under applicable rules by ~~December 22, 2008~~. *Sept. 22*

**(c)** **Dates by which (i) each expert's reports will be supplied to the adverse side and (ii) each expert's deposition will be completed:**

(i) Plaintiff does anticipate designating experts.
    1. Justin O. Schechter, MD, FAPA

(ii) Defendant does not anticipate designating any experts, except to rebut such experts, if any, so designated by Plaintiff or in response to testimony proffered by plaintiff or plaintiff's witnesses.

(iii) Plaintiff shall provide expert reports to Defendant, if any, by ~~July~~ *June* 1, 2008.

(iv) Defendant shall provide expert reports to Plaintiff, if any by ~~August 1~~ *July 14*, 2008.

(iv) Expert depositions shall be completed by September 22, 2008.

    **(d)**     **Completion of Discovery:**

        (i)     All discovery shall be completed by ~~December 22, 2008~~. *Sept.*

    **(e)**     **Date by which plaintiff will supply its pre-trial order matters to defendant:**

        (i)     ~~At this time, Defendant anticipates filing a motion for summary judgment, which shall be filed no later than January 22, 2009.~~

        (ii)     Plaintiff shall submit his pre-trial order ~~matters~~ to defendant no later than thirty days after this ~~Court's ruling on Defendant's motion for summary judgment.~~

    **(f)**     **Date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial.**

        (i)     ~~The parties shall submit a pre-trial order in the form conforming with the Court's instructions together with trial briefs and proposed findings of fact and conclusions of law no later than ninety days after this Court's ruling on Defendant's motion for summary judgment.~~

    **(g)**     Final pre-trial conference pursuant to Fed. R. Civ. P. 16(d): *Oct. 2 at 4:30*

**(4)**     **Statement of any limitations to be placed on discovery, including any protective or confidentiality orders:**

        (i)     The parties shall prepare a Confidentiality Stipulation, subject to approval by this Court, concerning certain of Defendant's information, which is non-public, confidential and proprietary in nature, in addition to Plaintiff's medical and financial information.

**(5)**     **Statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement:**

        (i)     No such issues are in dispute at this time.

**(6)**     **Anticipated fields of expert testimony, if any:**

        (i)     Plaintiff does anticipate fields of expert testimony.
            1. Justin O. Schechter, MD, FAPA

        (ii)     Defendant does not anticipate any fields of expert testimony, except to rebut any such expert so designated by Plaintiff or

testimony provided by plaintiff or plaintiff's witnesses and will designate such person by August 1, 2008.

(7) **Anticipated length of trial and whether to court or jury:**

    (i) The parties anticipate a trial of 2-3 days. The case is to be tried to the Court.

**The parties stipulate that this Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.**

ANTHONY J. MARCIANO, III

By: *[signature]*
    Anthony J. Marciano, III

943 South Avenue
New Canaan, Connecticut 06840
(203) 594-1614
*Plaintiff Pro Se*

EPSTEIN BECKER & GREEN, P.C.

By: *[signature]*
    Kenneth W. DiGia
    Kevin R. Brady (admission pending)

250 Park Avenue
New York, New York 10177-0077
(212) 351-4500
*Attorneys for Defendant
Morgan Stanley Credit Corporation*

SO ORDERED:

*[signature]*

Honorable Shira A. Scheindlin
United States District Judge
March 31, 2008